UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL COSDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-578-G |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Now before the Court is Plaintiff Michael Cosden's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 23), filed through Plaintiff's counsel Miles Mitzner.

On June 24, 2021, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g).  *See* J. (Doc. No. 26).  On May 22, 2024, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to benefits beginning in January 2018.  *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 31-2) at 1.  The Commissioner's notice reflects that Plaintiff is entitled to past-due benefits in the amount of $83,308.00 and that $13,627.00 of those past-due benefits was withheld for attorney fees for work done in federal court.  *See id.* at 2.

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

> representation, not in excess of 25 percent of the total of the past-due benefits
> to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In his Motion, Plaintiff's counsel requests a fee award of 25 percent of Plaintiff's total past-due benefits, which is the percentage stipulated in the fee agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees at 2; *id.* Ex. 1 (Doc. No. 31-1). The Commissioner has responded that he takes no position on Plaintiff's counsel's request for $20,827.00 in fees. *See* Def.'s Resp. (Doc. No. 32) at 1-2. As referenced by the Commissioner, however, the Court previously awarded $4500.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Order of Oct. 8, 2021 (Doc. No. 28). If fees are now awarded pursuant to § 406(b), Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 1; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

In accordance with *Gisbrecht*, the Court begins with the amount stipulated in the contingency fee agreement as its baseline—i.e., 25 percent of $83,308.00, or $20,827.00.

*See Russell v. Astrue*, 509 F. App'x 695, 697 (2013).  Having carefully reviewed the relevant record, however, the Court finds that an award of $20,827.00, though within the 25-percent boundary, would not be a "reasonable result[]" in this "particular case[]," *Gisbrecht*, 535 U.S. at 807, and that "a downward adjustment is . . . in order" because "the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'"  *Russell*, 509 F. App'x at 696 (emphasis omitted) (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel expended 21.6 hours working on this case, with additional paralegal assistance of 3.9 hours.  *See* Pl.'s Mot. Ex. 3 (Doc. No. 31-3).  Plaintiff's request for $20,827.00 would result in an award in excess of $816 per hour for the time expended.  *See id.*; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement").  While some courts have assessed the reasonableness of fee amounts under § 406(b) by considering the attorney's normal hourly rates multiplied by 2.5, Plaintiff's counsel's request is nearly 4 times the higher $214.00 hourly rate referenced in his Motion.  *See* Pl.'s Mot. Ex. 3, at 3; *see, e.g.*, *Walker v. Berryhill*, No. CIV-15-1353-R, 2018 WL 6438545, at *2-3 (W.D. Okla. Dec. 7, 2018) (multiplying counsel's typical hourly rate by 2.5 to arrive at reasonable § 406(b) fee award); *Walker v. Saul*, No. CIV-16-703-D, 2019 WL 3323512, at *1 & n.2 (W.D. Okla. July 24, 2019) (same).

While fully recognizing and adhering to *Gisbrecht*'s rejection of sole reliance on lodestar calculations, and further recognizing the increased risk associated with contingency fee cases, the Court finds that an award of $20,827.00—with an effective rate of more than $816 per hour—is excessive and unreasonable. While before the Court, Mr. Mitzner did file a six-page opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 19. The Commissioner filed a brief in opposition, which Mr. Mitzner was required to review. *See* Doc. No. 23; Pl.'s Mot. Att'y Fees Ex. 3, at 2. But Mr. Mitzner did not file a reply and was not required to submit anything further to the Court. Though within the 25 percent boundary prescribed in § 406(b)(1)(A), an award of $20,827.00 for only 21.6 hours of attorney work and 3.9 hours of paralegal work would constitute the type of windfall disallowed by *Gisbrecht*. *See Stokes v. Saul*, No. CIV-17-234-CG, 2019 WL 5653211, at *2 (W.D. Okla. Oct. 30, 2019) (rejecting a fee request of $28,454.88 for 35.95 hours of legal work); *Walker*, 2018 WL 6438545, at *2-3 (rejecting a fee request of $32,826.00 for 31.45 hours of legal work); *Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may serve to "aid . . . the court's assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Russell*, 509 F. App'x at 696-98 (affirming district court's reduction of counsel's request of $17,184.10 to $11,884.10 for 28.1 hours of work and noting that "[t]he fee award . . . , which falls in a middle ground between the request of $611 per hour and counsel's normal rate of $275 per hour, is not beyond the bounds of reasonable judgment or permissible choice").

Accordingly, the Court finds that Mr. Mitzner's requested award should be decreased. Mr. Mitzner shall be awarded attorney's fees in the amount of $13,565.88, which is 2.7 times counsel's and his paralegal's normal hourly rates, applied to the total hours requested (($208.00/hour x 2.7 x 4.5) + ($214.00/hour x 2.7 x 17.1) + ($110.00/hour x 2.7 x 3.9)). *See* Pl.'s Mot. Att'y Fees at 6; *id.* Ex. 3, at 2; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour).

## CONCLUSION

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 31) is GRANTED IN PART AND DENIED IN PART. Plaintiff's attorney Miles Mitzner is awarded attorney's fees in the amount of $13,565.88, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. The Social Security Administration shall pay this amount directly to: Miles Mitzner, Mitzner Law Firm, PO Box 5700, Edmond, Oklahoma, 73083. Upon payment, Mr. Mitzner shall promptly refund to Plaintiff the $4500.00 previously awarded under 28 U.S.C. § 2412.

IT IS SO ORDERED this 5th day of November, 2024.

CHARLES B. GOODWIN
United States District Judge